IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BRYAN KEITH BLACKBURN,    )
                                  )
      Plaintiff,    )
                                  )
                                  )     CIV-14-723-F
v.                                )
                                  )
NORMAN HANKS,    )
                                  )
      Defendant.    )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). An initial review of the sufficiency of the Complaint under 28 U.S.C. §§1915(e)(2) has been conducted, and based on this review the undersigned recommends dismissal of the cause of action on filing.

I. Initial Review under 28 U.S.C. §1915(e)(2)

In considering a civil complaint filed *in forma pauperis*, the court has the responsibility to screen the complaint. 28 U.S.C. § 1915(e)(2). On review, the court must dismiss a cause of action filed *in forma pauperis* at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C.

§ 1915(e)(2)(B).

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. No "heightened fact pleading" is required under this standard, but the plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's "well-pleaded facts," but not "conclusory allegations," to be true. McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001)(internal quotation omitted).

A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing *pro se* complaint does not "assume the role of advocate")(quotations and citation omitted).

II. Complaint

In Plaintiff's terse, six-page Complaint filed July 9, 2014, Plaintiff asserts that the sole Defendant, Mr. Norman Hanks, who is described only as a "revoked," "state licensed medical doctor" should be held liable to Plaintiff for "attorney fees totalling over $23,000.00 plus all research costs, filing fees of case and costs for specialist" in a "medical malpractice" case described only as "Pottowatomie County Blackburn v. Hanks. . . ." The public records of the Oklahoma Board of Medical Licensure and Supervision reflect that Dr. Norman Hanks retired from the practice of medicine in 2004 and that his medical license expired in June 2007.[1] http://www.okmedicalboard.org/licensee/MD/8107.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he or she was deprived of a right "secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Amer. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). In order to obtain relief from Defendant Hanks under 42 U.S.C. § 1983, Plaintiff must show that Defendant Hanks was "acting under color of" Oklahoma law at the time of the alleged conduct for which Plaintiff seeks damages. Conn v. Gabbert, 526 U.S. 286, 290 (1999); West v. Atkins, 487 U.S. 42, 48 (1988).

"[A] public employee acts under color of state law while acting in his [or her] official capacity or while exercising his [or her] responsibilities pursuant to state law." West, 487 U.S. at 50. However, Plaintiff has not alleged that Defendant Hanks is a government official.

---

[1] A court may "take judicial notice of . . . facts which are a matter of public record." Tal v. Hogan, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).

3

When the party, such as Defendant Hanks, being sued under § 1983 is a private individual, the issue becomes whether the private individual's actions are fairly attributable to the State. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). See Lugar v. Edmondson Oil Co., 457 U.S. 922, 935, 937 (1982)(conduct constituting "state action" satisfies under-color-of-state-law element, and private conduct constitutes state action if it is "fairly attributable to the State").

In this circuit, a two-part test is followed to determine whether conduct of a private person constitutes "state action" for the purpose of § 1983. See Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000). Under this test,

> [f]irst, the "deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. . . ." Second, the private party must have "acted together with or . . . obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the State."

Wyatt v. Cole, 504 U.S. 158, 162 (1992)(quoting Lugar, 457 U.S. at 937).

Giving the allegations in the Complaint a broad construction in light of Plaintiff's *pro se* status, Plaintiff has not alleged any conduct by Defendant Hanks that would constitute state action. He has alleged only that Defendant Hanks should be liable for attorney's fees and other costs associated with a state court medical malpractice action.

Even if Plaintiff could allege sufficient facts establishing the state action requirement, Plaintiff has alleged only that he would like to assert a claim against Defendant Hanks for "cruel [and] unusual punishment," but Plaintiff has not alleged any supporting facts in

4

describing his claim for relief other than the vague reference to a medical malpractice state court action he apparently filed against Mr. Hanks.

It has long been established that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 106 (1976). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id.

The Supreme Court standard governing any Eighth Amendment claim brought by Plaintiff against Mr. Hanks would be governed by Farmer v. Brennan, 511 U.S. 825 (1994), in which the Court held that a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Id. at 828. Under this standard, "deliberate indifference describes a state of mind more blameworthy than negligence," and the claim requires a showing of both "a sufficiently serious deprivation" posing "a substantial risk of serious harm" and "a culpable state of mind." Id. at 834-835.

A "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." Self v. Crum, 439 F.3d 1227, 1231, 1233 (10th Cir. 2006). See Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1143 (10th Cir. 2005)(holding that medical malpractice is not actionable under the Eighth Amendment).

Plaintiff has alleged no facts sufficient to state a plausible claim of deliberate

indifference to a substantial risk of serious harm or culpable conduct on behalf of the Defendant. Moreover, Plaintiff's Complaint is devoid of factual allegations indicating the nature of that conduct which apparently led to his state court civil action or when that conduct occurred. See Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1998)(for section 1983 actions arising in Oklahoma, Oklahoma's two-year statute of limitations for personal injury suits applies). Thus, Plaintiff's cause of action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a plausible claim upon which relief may be granted under 42 U.S.C. § 1983.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be dismissed upon filing pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by      August 6th     , 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned

Magistrate Judge in the captioned matter, and any pending motion not addressed herein is denied.

ENTERED this   17th   day of     July    , 2014.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE